CV17  6031

SEYBERT, J.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

SHIELDS, M.J.

# UNITED STATES DISTRICT COURT

for the

District of ~~Eastern District of New York~~

Civil Division ~~Division~~

RECEIVED

OCT 1 6 2017

EDNY PRO SE OFFICE

JAY B. BRODSKY

)
)
)
)
Plaintiff(s)
)
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*
)
–v–
)
)
FIRST AMERICAN TITLE INSURANCE
)
COMPANY OF New York
)
)
Defendant(s)
)
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*
)

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑ Yes  ☐ No

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 1 6 2017 ★

LONG ISLAND OFFICE

## COMPLAINT FOR A CIVIL CASE

**I.**   **The Parties to This Complaint**

   **A.**   **The Plaintiff(s)**

      Provide the information below for each plaintiff named in the complaint. Attach additional pages if
      needed.

|  |  |
|---|---|
| Name | JAY B. BRODSKY |
| Street Address | 1585 ROUND SWAMP ROAD |
| City and County | PLAINVIEW |
| State and Zip Code | New York   11803 |
| Telephone Number | (973) 568-1666 |
| E-mail Address | demcointerexport@yahoo.com |

   **B.**   **The Defendant(s)**

      Provide the information below for each defendant named in the complaint, whether the defendant is an
      individual, a government agency, an organization, or a corporation. For an individual defendant,
      include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                            FIRST AMERICAN TITLE COMPANY OF New York

    Job or Title *(if known)*

    Street Address                   1 FIRST AMERICAN WAY

    City and County                 SANTA ANA

    State and Zip Code            CALIFORNIA  92707

    Telephone Number            800.854.3643

    E-mail Address *(if known)*       claims.nic@firstam.com

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.      If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

**B.      If the Basis for Jurisdiction Is Diversity of Citizenship**

1.      The Plaintiff(s)

a.      If the plaintiff is an individual

The plaintiff, *(name)* Jay Brodsky , is a citizen of the State of *(name)* New York .

b.      If the plaintiff is a corporation

The plaintiff, *(name)* FIRST AMERICAN TITLE INSURANCE OF NY , is incorporated under the laws of the State of *(name)* CALIFORNIA ,

and has its principal place of business in the State of *(name)* CALIFORNIA

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

a.      If the defendant is an individual

The defendant, *(name)* , is a citizen of the State of *(name)* . Or is a citizen of *(foreign nation)* .

Page 3 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

  b.   If the defendant is a corporation

       The defendant, *(name)* _First American Title Insurance of New York_, is incorporated under

       the laws of the State of *(name)* _texas California_ and has its

       principal place of business in the State of *(name)* _____.

       Or is incorporated under the laws of *(foreign nation)* _____,

       and has its principal place of business in *(name)* _____.

       *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

     The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

     1.   Compensatory.      -     Three Million Dollars      ($3,000,000.00)
     2.   Punitive.     -      Three Million Dollars.      ($3,000,000.00)
     3.   Consequential.     -      One Million Dollars.      ($1,000,000.00)
     4.   Intentional Infliction of
     Emotional Distress.     -      One Million Dollars.      ($1,000,000.00)
     5.   Negligent Infliction of

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHED ADDENDUM

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED ADDENDUM

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          OCTOBER 11, 2017

Signature of Plaintiff

Printed Name of Plaintiff      JAY B. BRODSKY

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# UNITED STATES DISTRICT COURT OF NEW YORK

# EASTERN DISTRICT

— — — — — — — — — — — — — — — — — — — — — — — — — —X

**THE MATTER OF:**

**JAY BRODSKY**

**DONNA NEWKIRK**                                    **PETITIONERS**

v. — — — — — — — — — — — — — — — — — — — — — — — — X

**FIRST AMERICAN TITLE INSURANCE**          **RESPONDENT**

**COMPANY OF NEW YORK**

— — — — — — — — — — — — — — — — — — — — — — — — —X

**UNITED STATES DISTRICT COURT OF NEW YORK EASTERN DISTRICT**

_____x

**DOCKET #_____**

# ADDENDUM

— — — — — — — — — — — — — — — — — — — — — — — — —X

On this *10th day* of *October in the year 2017, Donna Martin* and *Jay Brodsky* forthwith known as, *"Petitioners"* who reside at 1585 Round Swamp Road, Plainview, New York 11803 duly depose that the facts as stated herein are true to the best of their knowledge.

*Intra Alia,* the afore *"Petitioners"* allege that fraudulent acts have been perpetrated upon them by certain parties and *"First American Title Insurance Company of New York"* must remunerate said *Petitioners* as they were victims of ignored fiduciary responsibilities to protect them from harm.

It is well known to all that, *"First American Title Insurance Company of New York"* is a registered corporation of the State of *California* with primary corporate offices at:

*1 First American Way, Santa Ana California 92707.*

*"First American Title Insurance Company of New York"* is licensed by the State of New York to conduct the business of selling insurance to the public.  Their New York headquarters is located at:

<u>*80 State Street, Albany New York 12207*</u>

## (1.) BACKGROUND

(a.) *"Jay Brodsky" (Petitioner #1)* is the *Decedents* only son. *Jay Brodsky* was deemed "<u>Fully Disabled</u>" upon adjudication and decision of multiple hearings at *The Federal Social Security ODAR Court, Central Islip, NY Judge Joseph Faraguna, presiding.* Judge Faraguna determined *Jay Brodsky's* outcome in *July 2016* and then again *res judicata* in *July 2017.* [Exhibit #5]

*"Donna Martin" (Petitioner #2)* is married to *Jay Brodsky* and was the daughter-in-law to *Bob Brodsky* deceased *January 13, 2013.*

*Jay Brodsky* was an employee of *"Coastal International Inc."* beginning in 1981 and ending his tenure in 1992. While employed by *"Coastal International Inc."* he held a position as an officer of the corporation until the entity was dissolved by proclamation in 1992. [Exhibit #15] During his tenure when *"Coastal International Inc."* was operational, *Jay Brodsky* held ownership as a **FIFTY (50)** percent shareholder as was the *Decedent* conversely a **FIFTY (50)** percent shareholder of said corporation as well. Prior to the establishment of *"Coastal International Inc.,"* both shareholders were partners holding a 50% - 50% stake in *"Coastal International,"* as a registered partnership [Exhibit #16]. After *"Coastal's"*

dissolution several other corporations were established all of which the parties

remained partners until *Decedents* passing in 2013.  After *Bob Brodsky's* passing, a

legal proceeding was initiated by *Jay Brodsky* as "*Plaintiff,*" at the Queens County

Courthouse, Jamaica New York, *Surrogates Division*, commencing in <u>2013</u> and

ultimately being settled in <u>2016</u> [Exhibit #17].  Near the end of those proceedings

*Jay Brodsky* discovered that <u>Innumerable Irregularities</u> had been perpetrated.

These multiple aberrations were divulged after *Jay Brodsky* petitioned the court for

a *Subpoena Duces Tecum*  which was granted in *January*, 2016 by Judge *Peter J.*

*Kelley* Chief Surrogate in the matter of:

*Jay Brodsky v. Sandi Ingber, The Estate of Bob Brodsky.*

## {2.} GENERAL ALLEGATIONS CONCERNING CRIMINAL COMPLAINT BOTH COMPENSATORY AND PUNITIVE DAMAGES

*"Spurious or Fabricated Paper"*

*"Spurious Employer Identification Number"*

"A Deed Based on Forgery or Obtained by False Pretenses is Void ab Initio,

Nunc Pro Tunc"

## FRAUDULENT USE OF A FEDERAL EMPLOYER IDENTIFICATION TAX NUMBER [EIN]

*Ubicunque Est Injuria, Ibi Damnum Sequitur*
*(Wherever There is a Wrong, There Damage Follows)*

(a.)   The first (1) irregularity disclosed was the fraudulent utilization of:

**"SPURIOUS EMPLOYER IDENTIFICATION NUMBER" (EIN).**

An illicit "EIN" was spuriously applied to a New York Corporation *ToWit*;

*"BobShirl Realty Corporation"*

Which caused multiple frauds to occur:

*Faison v Lewis 2015 NY Slip Op 04026, Renkas v Sweers 2005 NY Slip Op 52247(U) [10 Misc*

*3d 1076(A)], "A deed based on forgery or obtained by false pretenses is void ab initio" (Cruz v.*

*Cruz, 37 AD3d 754, 754 [2nd Dept. 2007]; see also Marden v Dorthy, 160 NY 39 [1899]; Jiles v*

*Archer, 116 AD3d 664 (2d Dept 2014]), Jiles v Archer, 116 AD3d 664 [2d Dept 2014]; GMAC*

*Mtge. Corp. v Chan, 56 AD3d 521 [2d Dept 2008]; Euba v Euba, 40 AD3d 689 [2d Dept 2007];*

*and Karan v Hopkins, 22 AD3d 638 [2d Dept 2005]), Thompson v Simpson (128 NY 270 [1891]*


(b.)    *Inter Alia,* the aforementioned  "<u>SPURIOUS EIN</u>" was first manifested in

*Decedents:*

"*New York City Real Property Transfer Tax Return*" [Exhibit #9]

Which abetted the bequeathment of **TWO (2)** parcels of real property known as


"*711 Chester Street Brooklyn NY 11236*"

"*730 Chester Street Brooklyn New York 11236*".


These appropriations affected a New York Corporation *ToWit;*

"*BobShirl Realty Corp.*"

Then bequeathing to another:

"*Bob Brodsky, the surviving spouse of Shirley Brodsky*"

Then ultimately to another New York Corporation *ToWit;*

"*SBI Properties LLC,*"

Of which there is One (**1**) sole shareholder *ToWit;*

*Sandi Ingber*, daughter of *Decedent* and sister of *Jay Brodsky*.

*Summary of Various aforementioned Corporations*

| | | | |
|---|---|---|---|
| *(1)* | *Coastal International* | *[Partnership]* | *Jay Brodsky and Bob Brodsky* |
| *(2)* | *Coastal International Inc.,* | *[New York Corp.].* | *Jay Brodsky/Bob Brodsky* |
| *(3)* | *BobShirl Realty Corp.,* | *[New York Corp.].* | *Jay Brodsky/Bob Brodsky* |
| *(4)* | *SBI Properties LLC.* | *[New York Corp.]* | *Sandi Ingber sole Shareholder* |

<u>Tax Returns</u> and other <u>documents</u> were filed [*Title II, Chapter 21, NYC*

*Administration Code - Form #RP-5217NYC*] [Exhibit #1] by *Bob Brodsky* (*Decedent*).  **On**

*August 12, 2010* when the Decedent filed his first (1) document:

*"New York City Real Property Transfer Tax Return"* [Exhibit #9]

Utilizing a "<u>SPURIOUS EIN</u>" to divest real property owned by *ToWit*;

*"BobShirl Realty Corp."*

The property is located at:

*"730 Chester Street Brooklyn NY 11236,"*

And then to another principle owner *ToWit*;

*"Bob Brodsky, the surviving spouse of Shirley Brodsky"*.

On *August 12, 2010* the *Decedent* filed a second (2) document utilizing a "Spurious EIN":

*"New York State Combined Real Estate Transfer Tax Return"* [Exhibit #9]

The property is located at:

"711 Chester Street Brooklyn NY 11236"

From the principle owner *ToWit*;

"BobShirl Realty Corp."

And then to a new principle owner *ToWit*;

"Bob Brodsky, Surviving spouse of Shirley Brodsky."

On *August 12, 2010* the *Decedent* filed a third (3) document utilizing a "Spurious EIN":

"New York State Combined Real Estate Tax Return" [Exhibit #9]

The property is located at:

"730 Chester Street Brooklyn NY 11236"

From the principle owner *ToWit*;

"BobShirl Realty Corp."

And then to a new principle owner *ToWit*;

"Bob Brodsky, Surviving spouse of Shirley Brodsky".

It must be annotated that none of the aforementioned Tax Returns were **Proofed,**

**Acknowledged, Witnessed** or **Notarized**.

(c.)     *Acta Exteriora Indicant Interiora Secreta*,  *"Jay Brodsky"* who when

exercising his tenure as a "FIFTY" (50) percent Shareholder in the aforesaid entity

*ToWit;*

*"BobShirl Realty Corp."*

 Affirms to the best of his knowledge that said corporation never initiated the

process of applying for, nor was said corporation ever assigned an:

"Employer Identification Number" (EIN)

From when it was established in 1980 until its dissolution by proclamation in 1992.

(d.)    The [singular] basis for the formation of:

*"BobShirl Realty Corp."*

Was to shield it's TWO (**2**) most valuable assets;

*711 Chester Street Brooklyn NY 11236,*

*730 Chester Street Brooklyn NY 11236,*

From any potential liability the corporation might have been subjected to during its

normal course of doing business.  Additionally,

*"BobShirl Realty Corp."*

At no point in its history ever established a <u>checking account</u>, <u>filed tax returns</u> or

<u>aggrandized income.</u>


(e.)    *Jay Brodsky* petitioned the Queens County Surrogates Court to grant a

*"Subpoena Duces Tecum"* to force *The Executrix, Sandi Ingber* to compel

production of documents she kept sequestered exclusively in her purview.

*"Petitioners"* motion to compel the issuance of a *"Subpoena Duces Tecum"* was

finally granted in January 2016 compelling *forthwith Sandi Ingber, executrix* to

surrender all of the documents requested.   With the compelled documents finally

in hand *Jay Brodsky* was able to deduce a more reliable reason why they had been

sequestered from his purview?  Upon review it was discovered that a "SPURIOUS

EIN"(employment identification number) had been secretly engendered to aid and abet

the bequeathment of *Deeds and Titles* associated with:

711 Chester Street Brooklyn NY 11236

730 Chester Street, Brooklyn New York 11236

Which were bequeathed to another without *Petitioners* knowledge

*[Scientia utrimque par pares contrahentes facit]*.  The premeditated obfuscations

disclosed aided and abetted a fraudulent bequeathment of the aforesaid properties

by a consortium of coconspirators ToWit;

"*Sandi Ingber*"   (Executrix)

"*Decedent*"        *(Bob Brodsky)*

Which by their actions demonstrated the contemptuous nature of their combined

"*frames of mind*".  And as such actions were performed so impermissibly The

United States District Court of New York Eastern District should ruminate these

bequeathments as nothing more than the shuffling of "***Spurious and Fabricated***

***Paper***".  A finding that all former agreements avowed, committed, contracted,

<u>covenanted</u>, <u>declared</u>, <u>endorsed</u>, <u>insured</u>, <u>pledged</u>, <u>stipulated</u> and <u>sworn</u> to by all involved should be deduced as "***Void ab Initio, Nunc Pro Tunc***".

(f.)    The act of inscribing a legal and binding document with <u>NO PROCESS OF PROOF</u>," as well the absence of someone who is sworn to be "Notable" is tantamount *[7206 (1)][Title 18 code 1028]* to begetting SPURIOUS DOCUMENTATION.

Once both properties:

"711 Chester Street, Brooklyn New York 11236"

"730 Chester Street, Brooklyn New York 11236,"

 Were disjoined from the ostensible purview of:

"*BobShirl Realty Corp.*

To a new principle owner *ToWit;*

"*Bob Brodsky, surviving spouse of Shirley Brodsky*"

Then to the governance of *ToWit*;

"*SBI Properties LLC*"

Injurious depravation occurred to *Jay Brodsky's* station therefore impugning him in the Surrogates Court of Queens County New York. Had *"First American Title Company of New York"* done what was expected of them by implementing due diligence, financial ruination would have been averted by both *Petitioners* in this action.

However as occurred, the intentional sequestrated conveyance of both properties

"711 Chester Street, Brooklyn New York 11236"

"730 Chester Street, Brooklyn New York 11236,"

Was all that was required for both coconspirators *(Sandi Ingber, Bob Brodsky)* to concordantly attain enough advantage to covertly perpetrate their nefarious scheme without fear of disclosure. Ultimately *"SBI Properties LLC"* who's sole (1) shareholder is the *Executrix* was able to appropriate sole <u>Title</u> and <u>Deed</u> to both aforementioned properties. Easily achieved by implementing furtive acts. The combined value of both properties in todays market:

**SIX MILLION DOLLARS**

**($6,000,000.00)**

# ACKNOWLEDGEMENTS, PROOFING AND NOTARIZATION BY A NOTABLE PERSON

**(a.)** After being granted access by *"Subpoena Duces Tecum"* in January 2016, it was disclosed to *Jay Brodsky* that <u>NONE</u> of the signatures inscribed by the *Decedent, Bob Brodsky* were <u>NOTARIZED, WITNESSED, PROOFED</u> *or* ACKNOWLEDGED [Exhibit #6,7,8,9]. *Bob Brodsky's* retained counsel who composed the aforementioned official documents was present when executed? *"Michael Anjuilo"*, an attorney located at *6800 Jericho Turnpike, Syossett NY* was retained by *"Bob Brodsky"* for services to be performed as his professional counsel. Therefore retained counsel obligated himself to act responsibly on behalf of his client especially when the execution of legal documents take place. *Micheal Anguilo* for some reason disparaged his legal responsibility to proffer due diligence?

Both *"Petitioners"* in this action speculate that there may have been a cogent reason for the attorney to <u>neglect</u> his sworn responsibility to <u>indemnify</u> his clients <u>signature</u> as *bonafide et Fidelis* by rudimentarily commissioning the services of a *"notary public"*.

Both *"Petitioners"* in this action allege that <u>none of the signatures</u> inscribed on the aforementioned official documents were *Bonafide et Fidelis*. *(Marden v Dorthy)*(*Faison v. Lewis*)?

Both *"Petitioners"* in this action further allege that the signatures inscribed by *Bob Brodsky* are likely forgeries, fakes, counterfeit. [Exhibit 6,7,8,9] *[Title 18 USC § 37]*

Not only does it appear that there was some grandiose intendment to defraud the United States *of America [Title 26 USC § 7206(2) Fraud and false statements][Title 26 USC § 7206(1) Fraud and false statements][Title 18 code 1028]* by utilizing a Spurious EIN, it was also likely that there was a grandiose conspiracy to defraud *"Jay Brodsky"*out of Millions of Dollars he earned with his own blood, sweat and tears before falling victim to the crippling disease he presently must deal with everyday of his life. <u>Utilizing a Spurious Employer Identification Number to appropriate</u> <u>acts of an illicit nature renders any and all prior agreements agreed to between the</u> <u>opposing parties *"Void ab Initio, Nunc Pro Tunc"*</u>.

*Faison v Lewis 2015 NY Slip Op 04026, Renkas v Sweers 2005 NY Slip Op 52247(U) [10 Misc 3d 1076(A)], "A deed based on forgery or obtained by false pretenses is void ab initio" (Cruz v. Cruz, 37 AD3d 754, 754 [2nd Dept. 2007]; see also Marden v Dorthy, 160 NY 39 [1899]; Jiles v Archer, 116 AD3d 664 (2d Dept 2014]), Jiles v Archer, 116 AD3d 664 [2d Dept 2014]; GMAC*

*Mtge. Corp. v Chan, 56 AD3d 521 [2d Dept 2008]; Euba v Euba, 40 AD3d 689 [2d Dept 2007];*

*and Karan v Hopkins, 22 AD3d 638 [2d Dept 2005]), Thompson v Simpson (128 NY 270 [1891]*

*All Signatures inscribed without witness, acknowledgement, proofing or*

*notary are suspect forgeries;*

"FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW

YORK" INDEMNIFIED THE ESTATE OF BOB BRODSKY,

SANDI INGBER SAFE FROM QUESTIONABLE ACTS?

FURTHERMORE HAD "FIRST AMERICAN TITLE INSURANCE

COMPANY OF NEW YORK" COMMANDED DUE DILIGENCE

BE IMPLEMENTED, NO IMPROPRIETIES WOULD HAVE BEEN

EFFECTUATED?  IN ADDITION HAD SANDI INGBER,

EXECUTRIX, NOT BREECHED HER FIDUCIARY

RESPONSIBILITY TO INFORM "FIRST AMERICAN" THAT THE

SANCTITY OF THE ESTATE AND ITS ASSETS WERE IN

DISPUTE BY JAY BRODSKY IN CONJUNCTION WITHE THE

QUEENS COUNTY NEW YORK SURROGATES COURT WHEN

SHE APPLIED FOR A SURITY BOND "FIRST AMERICAN"

LIKELY WOULD NOT HAVE ISSUED IT?  HOWEVER THEY

INSURED THE ESTATE ANYWAY?


**(b.)**　　　　Conversely, in <u>2014</u> a duplicate set of identical documents were

submitted by:

"*Sandi Brodsky*"

on behalf of

"*SBI Properties LLC*,"

Some four (4) years later a similar set of documents to those submitted

by "*Bob Brodsky*" in <u>2010</u> were submitted in <u>2014</u> to induce the

bequeathment of:

"711 Chester Street Brooklyn New York 11236"

"730 Chester Street Brooklyn New York 11236,"

From the "Bob Brodsky Revocable Trust"

to

"SBI Properties LLC"

Prior to *Bob Brodsky's* passing in <u>2013</u>, on or about August 12, <u>2010</u> multiple official documents superfluous to those submitted by "Sandi Ingber" in <u>2014</u> were sent to the following government agencies:

(a) *"The New York City Department of Finance"*, *[Exhibit #6]*

(b). *"State of NYS Board of Real Property Services"* *[Exhibit #6]*

(c). *"NYS Department of Taxation and Finance"*, *[Exhibit #6]*

(d). *"NYC Dept. of Finance Office of The City Register"* *[Exhibit #6]*

(e). *"First American Title Insurance Company of N.Y."* *[Exhibit #8]*

(f). *"NYC Dept. of Housing preservation & Development"* *[Exhibit #7]*

All those enumerated above were initiated for the purpose of bequeathing:

711 Chester Street Brooklyn NY 11236

730 Chester Street Brooklyn NY 11236

From the ownership of:

"BobShirl Realty Corp."

To another:

"Bob Brodsky, the surviving spouse of Shirley Brodsky"

When these aforementioned <u>documents were inscribed</u> by *"Bob Brodsky"* <u>none were Acknowledged, Proofed, Witnessed or notarized</u>. *Micheal Anguilo ESQ.* was the *Decedents* expressed legal counsel during these execution's. Somehow he neglected his responsibility to <u>adjure witness</u> and <u>verify</u> *"Bob Brodsky's"* <u>multiple inscriptions</u> as *<u>Bonafide et Fidelis?</u> Therefore* precipitating inquisition as to whether *Michael Anjuilo ESQ.*, intentionally obfuscated his sworn duty to validate those inscriptions or did he intentionally <u>close his eyes</u> by enjoining his fiduciary responsibility to bear witness, acknowledge, notarize or proof those signatures as *Bonafide et Fidelis* to protect himself from prosecution?

(c.)    Conversely when those same superfluous documents were inscribed by:

*"Sandi Ingber"*

Acting on behalf of:

*"SBI Properties LLC,"*

In 2014, *Micheal Anguilo ESQ.*, implemented his fiduciary responsibility by painstakingly *adjuring witness*, *Proofing*, *Acknowledging and Notarizing* every aspect of these exactly duplicated documents therefore affirming them as *res ipsa loquitur.*

(d)     Both *Petitioners "Jay Brodsky"* and *"Donna Martin"* allege that there is good reason to presuppose why *Michael Anjuilo ESQ.* eluded *InToto* his fiduciary responsibility to adjure witness, acknowledge, proof or notarize his then client *"Bob Brodsky's"* multiple inscriptions?  It was likely that he did not want to implicate himself in any conspiracy to defraud his client's then partner *"Jay Brodsky"* out of what rightfully belonged to him?

Considering all possible scenario's "First American Title Insurance Company of New York" shunned their fiduciary responsibility to insure that no wrongdoing would be effectuated on perspective buyers or sellers.

# NEW YORK STATE CASELAW & STATUTES SUPPORTING

## ALLEGATIONS RECOUNTED

### *Faison v. Lewis*

(a) Plaintiff contends that a forged deed has long been treated as void ab initio, entirely without effect from inception. Therefore, the CPLR 213 (8) statute of limitations does not apply to her claims to vacate and declare the deed and defendant BOA's mortgage-based interest in the property a legal nullity. We agree

In *Marden v Dorthy*, this Court held that a forged deed was void at its inception, finding it to be a "spurious or fabricated paper" (160 NY 39, 47 [1899]) In *Marden v Dorthy*, this Court held that a forged deed was void at its inception, finding it to be a "spurious or fabricated paper" (160 NY 39, 53 [1899]), a forgery characterized by "the fraudulent making of a writing to the prejudice of another's rights" (*id*.). As *Marden* noted, a forged deed lacks the voluntariness of conveyance (*see id*. at 54). Therefore, it holds a unique position in the law; a legal nullity at its creation is never entitled to legal effect because "void things are as no things" (*id*. at 56)

*Rosen v Rosen*, 243 AD2d 618, 619 [2d Dept 1997]; 26A C.J.S. Deeds § 153 ["where the grantor knowingly executes the very instrument intended, but is induced to do so by some fraud in the treaty or by some fraudulent representation or pretense, the deed is merely voidable"].

Unlike a forged deed, which is void initially, a voidable deed, "until set aside, . . . has the effect of transferring the title to the fraudulent grantee, and . . . being thus clothed with all the evidences of good title, may encumber the property to a party who becomes a purchaser in good faith" *(Marden, 160 NY at 50)*

A forged deed, however, cannot convey good title, and "it is legally impossible for any one to become a *"bona fide"* purchaser of real estate, or a purchaser at all, from one who never had any title, and that is this case" *(id. at 56; see also Yin Wu v Wu, 288 AD2d 104, 105 [1st Dept 2001]* ["A forged deed is void and conveys no title"]; 2-15 Warren's Weed New York Real Property § 15.01 ["A purchaser who takes title through a forged deed cannot be a *"bona fide"* purchaser, even if the purchaser did

not have knowledge of the forgery"]. New York's rule reflects a general well-established principle of real property law (*see e.g.* ***Harding v Ja Laur Corp.***, *20 Md App 209, 214 [Md Ct Spec App 1974]* ["A forged deed . . . is void *ab initio*"]; *Scott D. Erler, D.D.S.* ***Profit Sharing Plan v Creative Fin. & Investments, L.L.C.***, *349 Mont 207, 214 [2009]* ["forged conveyances are void *ab initio* and do not transfer title"]; ***Brock v Yale Mortg. Corp.***, *287 Ga 849, 852 [2010]* ["we have also long recognized that a forged deed is a nullity and vests no title in a grantee"]; ***Akins v Vermast***, *150 Or App 236 n 7 [Or Ct App 1997]* "If fraud is '*in factum*,' such as a forged deed or a situation analogous to forgery, the deed is void *ab initio* and will not support subsequent title in any person"]; ***First Nat. Bank in Albuquerque v Enriquez***, *96 NM 714, 716 [1981]* ["a forged deed is a void deed and transfers no interest"]; ***Williams v Warren***, *214 Ark 506, 511 [1949]* ["No one can claim that an estate in land should be divested by forgery"]).

It is similarly true that no property shall be encumbered, including by a mortgagee, in reliance on a forged deed (*see Marden, 160 NY at 51; see also* ***Cruz v Cruz,*** *37 AD3d 754, 754 [2d Dept 2007]*["A deed based on forgery or obtained by false pretenses is void *ab initio*, and a mortgage based on such a deed is likewise

invalid"]; *Jiles v Archer, 116 AD3d 664, 666 [2d Dept 2014]* ["If a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing"]; *2-15 Warren's Weed New York Real Property § 15.09* ["If the conveyance is void, the purchaser or encumbrancer will not enjoy any of the rights of a bona fide purchaser"]; *43A NY Jur 2d Deeds § 218* ["a forged deed is null and void, and conveys nothing, and a purchaser or mortgagee from the grantee, even for value and without notice of the forgery, will not be protected"].


Moreover, New York's recording statute *(Real Property Law § 291)* does not apply to a forged deed *(see Albany County Sav. Bank v McCarty, 149 NY 71, 74 [1896];* *Grosch v Kessler, 231 AD 870, 870 [2d Dept 1930]*. Neither can recording a forged deed transform it into a document with legal authority to establish a valid property interest, for it "does not change the legal rights of anyone" *(Marden, 160 NY at 56)*. "The fact that a false and fabricated writing of this character is deposited in a public office for record, and is actually recorded, can add nothing to its legal efficacy. The recording statute applies to "genuine instruments and not to forged ones" *(id. at 56, citing Albany County Sav. Bank, 149 NY at 74)*.

Given the clarity of our law that a forged deed is void *ab initio,* and that it is a document without legal capacity to have any effect on ownership rights, the question remains whether a claim challenging a conveyance or encumbrance of real property based on such deed is subject to a time bar.  Our case law permits only one answer: **a claim against a forged deed is not subject to a statute of limitations defense.**

As this Court held in *Marden*, a forged deed is void, not merely voidable. That legal status cannot be changed, regardless of how long it may take for the forgery to be uncovered. As this Court made clear in ***Riverside Syndicate, Inc v Munroe,*** a statute of limitations "does not make an agreement that was void at its inception valid by the mere passage of time" *(10 NY3d 18, 24 [2008], citing **Pacchiana v Pacchiana**, 94 AD2d 721 [2d Dept 1983]).* Consequently, plaintiff may seek to vacate the deed and defendant's encumbrance upon the property. If, as plaintiff claims, the deed is a forgery, then it was never valid and *Tonya* lacks title to *Gogins's* half-interest in the property based on the "corrected" deed.

Indeed, this is the prevailing approach in other jurisdictions (*see e.g. Moore v*

*Smith-Snagg, 793 So 2d 1000, 1001 [Fla Dist Ct App 5th Dist 2001]*["of course,

there is no statute of limitations in respect to the challenge of a forged deed, which

is void *ab initio*"]

## REQUIREMENTS OF ACKNOWLEDGMENT OF SIGNATURE

**(a)  Notary** *NYS Article (9)  § 292.*  By whom conveyance must be

acknowledged or proved. Except as otherwise provided by this article, such

acknowledgment can be made only by the person who executed the conveyance,

and such proof can be made only by some other person, who was a witness of its

execution, and at the same time subscribed his name to the conveyance as a

witness.

**(b) Notary *NYS Article 9 § 292-a*.** Conveyances by certain corporations executed and acknowledged by attorneys in fact entitled to recordation. A conveyance of real property, within the state, or of any interest therein, including an instrument discharging or satisfying a lien created by any such conveyance, executed and acknowledged by an attorney in fact of any corporation wholly owned, directly or indirectly, by the United States of America, or any other corporation which has so filed a power of attorney, whether heretofore or hereafter so executed and acknowledged, shall be entitled to recordation under this article on tender of the lawful fees therefor, even though the corporate seal of such corporation be not annexed or affixed, if the power of attorney pursuant to which such attorney in fact has executed such conveyance, duly acknowledged or proved by such corporation, and certified, as required by section two hundred ninety-four, is filed or recorded in the office of the clerk of the county where the real property, which is the subject of such conveyance, is located.

**(c) *NYS §333*.** *When conveyances of real property not to be recorded.*

2. A recording officer shall not record or accept for record any conveyance of real property, unless said conveyance in its entirety and the certificate of

acknowledgment or proof and the authentication thereof, other than proper names

therein which may be in another language provided they are written in English

letters or characters, shall be in the English language, or unless such conveyance,

certificate of acknowledgment or proof, and the authentication thereof be

accompanied by and have attached thereto a translation in the English language

duly executed and acknowledged by the person or persons making such

conveyance and proved and authenticated, if need be, in the manner required of

conveyances for recording in this state, or, unless such conveyance, certificate of

acknowledgment or proof, and the authentication thereof be accompanied by and

have attached thereto a translation in the English language made by a person duly

designated for such purpose by the county judge of the county where it is desired

to record such conveyance or a justice of the supreme court and be duly signed,

acknowledged and certified under oath or upon affirmation by such person before

such judge, to be a true and accurate translation and contain a certification of the

designation of such person by such judge.


**(d)  *NYS §330. Officers guilty of malfeasance liable for damages.***

An officer authorized to take the acknowledgment or proof of a conveyance or other instrument, or to certify such proof or acknowledgment, or to record the same, who is guilty of malfeasance or fraudulent practice in the execution of any duty prescribed by law in relation thereto, is liable in damages to the person injured.

## {3.}   SUMMARY AND CONCLUSION

*(a)*     *In propria causa nemo judex,* Both *"Petitioners"* in this matter allege that "First American Title Insurance Company of New York" never investigated the prior allegations embodied herein even when notified by certified mail August 2017.  Because they <u>shunned</u>, <u>abhorred</u>, *<u>abstained</u> and <u>avoided</u>* their responsibility to guarantee that the circumstances surrounding the bequeathment of:

*711 Chester Street Brooklyn New York 11236*

*730 Chester Street Brooklyn New York 11236*

Was free from material issue, resulting in these extraordinary ramifications stated incontrovertibly in the guides of this Federal Action.  When both **Title** and **Deed** were bequeathed from:

*"BobShirl Realty Corp."*

to another:

"*Bob Brodsky, surviving spouse of Shirley Brodsky,*"

These actions should have been painfully recognizable that many serious material

vexations were embodied before them? The documents filed were:

**(a)***The New York State Department of Finance[Exhibit #6]*

**(b)***State of New York State Board of Real Property Services[Exhibit #6]*

**(c)***New York State Department of Taxation and Finance[Exhibit #6]*

**(d)***New York City Department of Finance Office of The City Register[Exhibit #6]*

**(e)***First American Title Insurance Company of New York[Exhibit #8]*

**(f)***NYC Department of Housing preservation & Development[Exhibit #7]:*

*All* lacked <u>Proof</u>, <u>Acknowledgement</u>, <u>Notarization</u> and <u>Witnessing</u>. As a result of

these careless oversights irreparable harm was perpetrated on both "*Plaintiffs*" in

this matter "*Jay Brodsky*" and "*Donna Martin*" without having the privilege of

knowledge that should have been afforded them. These acts were committed in

<u>2010</u> and then again in <u>2014</u> by *Bob Brodsky* and *Sandi Ingber*? The Plaintiffs did

not gain access to these sequestered documents until <u>2016</u>? Even then the

information had to be compelled by the implementation of a "*Subpoena Duces*

*Tecum*".

(b)     Not only were these aforementioned irregularities ignored by, "*First American Title Insurance Company of New York*" when they failed to exercise not even a scintilla of due diligence in order to insure the *Plaintiffs* that they would not become victims of nefarious intentions.  Not once did "*First American*" check to see if the <u>Employer</u> <u>Identification Number</u> was *Bonafide et Fidelis?*


(c)     With no <u>Proofing</u>, <u>Witnessing</u>, <u>Acknowledging</u> or <u>Notarization</u> of any of *Bob Brodsky's* signatures on any of the exhibits annexed forthwith, "BobShirl Realty Corp" and those who originally remunerated the prior owners to acquire Title and Deed to said properties are still the rightful owners even today.


Both *Petitioners* "*Donna Martin*" and "*Jay Brodsky*" allege forthwith that the inscriptions by "*Bob Brodsky*" are *subiectio*, fake, counterfeit or fraudulent therefore excoriating the documents in question as nothing more than "Spurious or Fabricated Paper" and not worthy of being used as copy paper.

*NYS 155.42 Grand larceny in the first degree*

*NYS S 170.15 Forgery in the first degree*

*NYS S 190.60 Scheme to defraud in the second degree*

*NYS S 190.80 Identity theft in the first degree,*

are serious felonious crimes that should be prosecuted to the fullest extent of the

law the penalties of which are:

155.42 (B) Felony 1-3 Max. 25 years

170.15 (C) Felony No Jail, Probation 1-2 years to 15 years

190.60 (A) Misdemeanor a maximum of **one year** in jail or three years probation

190.80 (D) Felony 2-7 years, with no more than a $5000 fine.

## RELIEF SOUGHT BY PETITIONERS

1.  **Compensatory** -  **Three Million Dollars** **($3,000,000.00)**

2.  **Punitive.** -  **Three Million Dollars.** **($3,000,000.00)**

3.  **Consequential.** -  **One Million Dollars.** **($1,000,000.00)**

4.  **Intentional Infliction of**

**Emotional Distress.** -  **One Million Dollars.** **($1,000,000.00)**

5.  **Negligent Infliction of**

**Emotional Distress.** -  **One Million Dollars.** **($1,000,000.00)**

6.  **Conversion.** -  **One Million Dollars.** **($1,000,000.00)**

7.  **Legal Fee's.** -  **Thirty Thousand Dollars.** **($30,000.00)**

Jay Brodsky
10/16/2017



STATE OF NEW YORK
INSURANCE DEPARTMENT
25 BEAVER STREET
NEW YORK, NEW YORK 10004

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In the Matter of

FIRST AMERICAN TITLE INSURANCE COMPANY
and FIRST AMERICAN TITLE INSURANCE          **STIPULATION**
COMPANY OF NEW YORK,                        No. 2006- 0122-S

Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**WHEREAS**, Respondent First American Title Insurance Company is a California corporation with its principal place of business in Santa Ana, California, and is a holding company within the meaning of Article 15 of the New York Insurance Law ("Insurance Law") which wholly owns and controls Respondent First American Title Insurance Company of New York, which is a title insurance corporation organized under the Insurance Law authorized to transact title insurance business in the State of New York;

**WHEREAS**, pursuant to the provisions of Executive Law § 63 (12), General Business Law § 349 and the common law of the State of New York, the office of Eliot Spitzer, Attorney General of the State of New York ("OAG") caused an investigation to be made of Respondents First American Title Insurance Company and First American Title Insurance Company of New York (collectively, "Respondents"), relating to the payment of rebates and certain referral fees in or from the State of New York; and the Superintendent of Insurance of the State of New York ("Superintendent") and the New York State Insurance Department ("Department"), pursuant to the provisions of Insurance Law §§ 305, 309, 310, 2301 *et seq.* and 6401 *et seq.*, conducted an investigation of Respondents on the same subject matter (together, both investigations are referred to as the "Investigation") and also conducted an examination of Respondent First American Title Insurance Company of New York on the subject matter of the investigations and on the manner in which Respondents conduct their business practices and fulfill their contractual obligations to policyholders and claimants (the "Examination");

**WHEREAS**, the Investigation has been resolved pursuant to an Assurance of Discontinuance Pursuant to Executive Law § 63(15), dated May 22, 2006 (the "Assurance"), a copy of which is annexed hereto and incorporated herein;

In the Matter of First American Title Insurance Company, *et al.*                          Page 2

WHEREAS, the Examination is continuing and has not yet been resolved;

WHEREAS, the Investigation has resulted in certain findings of fact regarding the business practices of the Respondents, as set forth in the Assurance;

WHEREAS, based upon the aforementioned findings of fact, the Attorney General and the Superintendent have determined that Respondents have violated New York law by paying illegal rebates and referral fees;

WHEREAS, based upon the foregoing, Respondents may be charged with violations of the Insurance Law and/or Department Regulations;

WHEREAS, Respondents have been advised and are aware of their statutory right to notice and a hearing on any such charges;

WHEREAS, Respondents are cooperating with the Investigation and the Examination and have adopted and under the Assurance and this Stipulation will continue to implement a number of business reforms and remedial actions;

WHEREAS, the Superintendent finds the relief and agreements contained in the Assurance and this Stipulation appropriate and in the public interest; and

WHEREAS, Respondents desire to resolve any such possible charges related to the Investigation by entering into a Stipulation on the terms and conditions hereinafter set forth in lieu of proceeding with a hearing in this matter; **NOW THEREFORE,**

**IT IS HEREBY STIPULATED AND AGREED** by and between the Respondents and the Department, subject to the approval of the Superintendent, as follows:

1.      Respondents waive their right to further notice and hearing in this matter, and agree to fully comply with all of the terms and conditions of the Assurance.

2.      This Stipulation shall resolve all issues resolved in the Assurance. The parties each reserve all their rights with respect to any additional determinations or actions the Superintendent may take on issues not resolved in the Assurance.

3.      Respondents agree to cooperate fully in the Examination and all Department examinations of Respondents and in all Department investigations of current or former employees of Respondents or licensees of the Department.

4.      Respondents acknowledge that this Stipulation may be used against them in any future Department proceeding if there is reason to believe the terms of the Assurance or this Stipulation have been violated by Respondents, or if the Department institutes disciplinary action against any Respondent for any reason other than the acts considered herein.

In the Matter of First American Title Insurance Company, *et al.*                    Page 3

Dated:        New York, NY
              May 22, 2006

NEW YORK STATE INSURANCE DEPARTMENT

By:    _____
       Jon G. Rothblatt
       Principal Attorney


FIRST AMERICAN TITLE INSURANCE COMPANY


By:    _____
       Name:
       Title:


FIRST AMERICAN TITLE INSURANCE COMPANY
OF NEW YORK


By:    _____
       Name:
       Title:

In the Matter of First American Title Insurance Company, *et al.*                    Page 3

Dated:          New York, NY
                May    , 2006


                        NEW YORK STATE INSURANCE DEPARTMENT



                By:     _____
                             Jon G. Rothblatt
                             Principal Attorney



                        FIRST AMERICAN TITLE INSURANCE COMPANY


                By:     _____
                        Name:  Gary L. Kermott
                        Title:    President



                        FIRST AMERICAN TITLE INSURANCE COMPANY
                        OF NEW YORK



                By:     _____
                        Name:
                        Title:

In the Matter of First American Title Insurance Company, *et al.*                     Page 4

STATE OF California )
                    )ss.:
COUNTY OF Orange )

On this 22 day of May, 2006 before me personally came Gary L. Kermott , to me known, who, being by me duly sworn, did depose and say that he/she is the President of First American Title Insurance Company, the corporation described in and which executed the above instrument on behalf of each of the entities listed above; and that he/she signed his/her name thereto by order of the board of directors of said corporation.

LIZBETH MICHELLE FINCHER
COMM. #1440902
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires Sept 23, 2007

_Lizbeth Michelle Fincher_
Notary Public

STATE OF                    )
                            )ss.:
COUNTY OF                   )

On this        day of May, 2006 before me personally came , to me known, who, being by me duly sworn, did depose and say that he/she is the of First American Title Insurance Company of New York, the corporation described in and which executed the above instrument on behalf of each of the entities listed above; and that he/she signed his/her name thereto by order of the board of directors of said corporation.

_____
Notary Public

THE FOREGOING STIPULATION IS HEREBY APPROVED.

Dated: New York, NY
       May    , 2006

HOWARD MILLS
Superintendent of Insurance

By: _____
       Susan Donnellan
       Deputy General Counsel

In the Matter of First American Title Insurance Company, *et al.*                Page 3

Dated:      New York, NY
            May    , 2006

                              NEW YORK STATE INSURANCE DEPARTMENT


                    By:     _____
                                Jon G. Rothblatt
                                Principal Attorney


                    FIRST AMERICAN TITLE INSURANCE COMPANY


                    By:     _____
                            Name:
                            Title:


                    FIRST AMERICAN TITLE INSURANCE COMPANY
                    OF NEW YORK

                    By:     _____
                            Name:   JAMES M. ORPHANIDES
                            Title:  PRESIDENT, CEO + CHAIRMAN

In the Matter of First American Title Insurance Company, *et al.*                    Page 4

STATE OF _New York_ )
                    )ss.:
COUNTY OF _New York_ )

On this 22nd day of May, 2006 before me personally came _JAMES ORPHANIDES_, to me known, who, being by me duly sworn, did depose and say that he/she is the _PRESIDENT, CEO & CHAIRMAN_ of First American Title Insurance Company, the corporation described in and which executed the above instrument on behalf of each of the entities listed above; and that he/she signed his/her name thereto by order of the board of directors of said corporation.

_____
Notary Public
EUROSOULA KRYONERIS
Notary Public, State Of New York
No. 01KR6089084
Qualified in Nassau County
Commission Expires March 17, 2007

STATE OF              )
                      )ss.:
COUNTY OF             )

On this        day of May, 2006 before me personally came
, to me known, who, being by me duly sworn, did depose and say that he/she is the
of First American Title Insurance Company of New York, the corporation described in and which executed the above instrument on behalf of each of the entities listed above; and that he/she signed his/her name thereto by order of the board of directors of said corporation.

_____
Notary Public

THE FOREGOING STIPULATION IS HEREBY APPROVED.

Dated: New York, NY
       May     , 2006

                              HOWARD MILLS
                              Superintendent of Insurance

By: _____
                              Susan Donnelian
                              Deputy General Counsel

In the Matter of First American Title Insurance Company, *et al.*                      Page 4

STATE OF                       )
                               )ss.:
COUNTY OF                      )

       On this          day of May, 2006 before me personally came
                      , to me known, who, being by me duly sworn, did depose
and say that he/she is the
of First American Title Insurance Company, the corporation described in and which
executed the above instrument on behalf of each of the entities listed above; and that
he/she signed his/her name thereto by order of the board of directors of said
corporation.


_____
                                              Notary Public


STATE OF                       )
                               )ss.:
COUNTY OF                      )

       On this          day of May, 2006 before me personally came
                      , to me known, who, being by me duly sworn, did depose
and say that he/she is the
of First American Title Insurance Company of New York, the corporation described in
and which executed the above instrument on behalf of each of the entities listed above;
and that he/she signed his/her name thereto by order of the board of directors of said
corporation.


_____
                                              Notary Public



THE FOREGOING STIPULATION IS HEREBY APPROVED.


Dated:  New York, NY
        May 22, 2006

                              HOWARD MILLS
                        Superintendent of Insurance


By:  _____
                        Susan Donnellan
                    Deputy General Counsel