```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAY B. BRODSKY,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       17-CV-6031(JS)(AYS)

FIRST AMERICAN TITLE INSURANCE
COMPANY OF NEW YORK, et al.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Jay B. Brodsky, pro se
                    240 East Shore Road. Apt. 444
                    Great Neck, NY 11023

For Defendants:     No appearances.
```

SEYBERT, District Judge:

By Memorandum and Order dated April 9, 2018, the Court: (1) consolidated six (6) Complaints[1] filed by pro se plaintiff Jay B. Brodsky ("Plaintiff") under the first-filed Complaint, 17-CV-6031 (the "Consolidated Complaint"), (2) granted Plaintiff's applications to proceed in forma pauperis[2], and (3) sua sponte

---

[1] The Consolidated Complaints were assigned docket numbers 17-CV-6032, 17-CV-6033, 17-CV-6555, 17-CV-6556, and 17-7085.

[2] After the Court granted Plaintiff's applications to proceed in forma pauperis filed with the Consolidated Complaints, Plaintiff filed several more Complaints in this Court with in forma pauperis applications reporting different and inconsistent information than the applications filed with the Consolidated Complaints. See Brodsky et al. v. Apple, Inc., 18-CV-1998; Brodsky et al. v. Palmer Admin. Svcs., et al., 18-CV-2006; Brodsky v. Purdue Pharma L.P., 18-CV-2788; and Brodsky et al. v. BMW, et al., 18-CV-3304. Given this circumstance, had Plaintiff prosecuted this case by filing an Amended Complaint in

dismissed all of the claims in the Consolidated Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). In an abundance of caution, the Court granted Plaintiff leave to file an Amended Complaint in accordance with the April 9, 2018 Memorandum and Order within thirty (30) days from the date thereof. Plaintiff was cautioned that if he "does not file an Amended Complaint within the time allowed, judgment shall enter without further notice." (See Apr. 9, 2018 M&O, Docket Entry 21, at 14.)

On April 26, 2018 Plaintiff timely filed an Amended Complaint against several of the Defendants named in the original Consolidated Complaint. (See Am. Compl., Docket Entry 23.) However, on May 7, 2018, Plaintiff filed another Amended Complaint against different Defendants. (See Second Am. Compl., Docket Entry 27.) Accordingly, by Electronic Order dated May 15, 2018, the Court explained that "Plaintiff may not proceed in this action with two amended complaints" and ordered that, "on or before May 30, 2018, Plaintiff shall file a letter indicating which of the two amended complaints he intends to be operative, or

---

accordance with the Court's directives, the Court would revoke in forma pauperis status and order Plaintiff to complete and file the long form in forma pauperis application (AO 239) or remit the $400 filing fee for each Consolidated Complaint in this case.

2

alternatively, file a comprehensive amended complaint that replaces all previously filed complaints and contains 'all claims Plaintiff seeks to pursue against any Defendant(s).'" (See May 15, 2018 Elec. Order.)

Rather than comply with the Electronic Order, Plaintiff filed a letter on May 23, 2018 wherein he indicated that he intends to pursue claims related to (1) "a fraud case where assets were transferred from an estate", and (2) "issues surrounding child support and the malicious prosecution thereof." (See May 28, 2018 Letter, Docket Entry 28.) Given Plaintiff's intention to pursue claims contained in both of the Amended Complaints, the Court directed Plaintiff "to file a single, comprehensive Amended Complaint containing those claims on or before June 20, 2018." (See June 5, 2018 Elec. Order.) To date, Plaintiff has not filed a single Amended Complaint, nor has he otherwise communicated with the Court about this case. Accordingly, it appears that Plaintiff has abandoned this case and judgment shall now enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

3

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January   10  , 2019
      Central Islip, New York